UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERIANNE R. VOORHEES,<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.   2:20-cv-00916-JDP (SS)<br><br>ORDER GRANTING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 19<br><br>ORDER DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 25 |

Jerianne R. Voorhees ("claimant") challenges the final decision of the Commissioner of Social Security denying claimant's application for supplemental security income benefits for lack of disability. She argues that the Administrative Law Judge ("ALJ") committed reversible error in failing to evaluate her depression and anxiety and in failing to develop an adequate record on her mental health limitations. Both parties have moved for summary judgment. ECF Nos. 19, 25. The matter is ripe for review, and the court now grants claimant's motion for summary judgment and denies the Commissioner's cross-motion for summary judgment.[1]

**STANDARD OF REVIEW**

On appeal, the court asks whether substantial evidence supports the factual findings of the

---

[1] Both parties have consented to magistrate judge jurisdiction. ECF No. 10.

1

ALJ and whether the ALJ applied the correct legal standards. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. § 405(g). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). In reviewing the application of correct legal standards, the court considers whether the ALJ followed regulatory guidelines and considered the appropriate factors when weighing medical opinion evidence.[2] *See* 20 C.F.R. §§ 404.1527, 416.927; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

While "the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities," "the ALJ's findings . . . must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (internal citation omitted); *see Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (noting that, when an ALJ disagrees with medical opinions, "[t]he ALJ must do more than offer his conclusions[; h]e must set forth his own interpretations and explain why they, rather than the doctors', are correct."). Additionally, the court reviews only the reasons provided by the ALJ in the disability determination and will not affirm based on a ground upon which the ALJ did not rely. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("A clear statement of the agency's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency."); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A motion for summary judgment will be granted only when the there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The burden of establishing that there is no genuine issue of material fact lies with the moving party. *See Celotex Corp v. Catrett*, 477 U.S. 317, 322-23 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). Once the moving party has met that

---

[2] Because claimant filed for disability prior to March 27, 2017, the Social Security Administration's revised rules regarding the evaluation of medical opinion evidence do not apply. *See* 20 C.F.R. §§ 404.1520c, 416.920c.

burden by "presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, [Fed. R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of presenting specific facts showing that such contradiction is possible." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 950-52 (9th Cir. 1978); *see also Nissan*, 210 F.3d at 1102-03.

## BACKGROUND

Claimant applied for supplemental security income on September 20, 2016, alleging disability since June 29, 2015. AR 154. In her disability report, she stated that her ability to work is limited by ulcerative colitis and stenosis of the neck. AR 178. Her application was denied both initially and upon reconsideration. AR 88-100. She then requested a hearing before an ALJ. AR 102-03. The ALJ held a hearing on December 20, 2018 and issued a decision on March 11, 2019, finding that claimant was not disabled. AR 27-56, 7-21. Claimant requested review by the Appeals Council, which denied the request. AR 1-5. She now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

An ALJ determines eligibility for Social Security benefits in a five-step sequential evaluation process, asking: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments listed in the regulations; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018); 20 C.F.R. § 416.920. The burden of proof is on the claimant through the first four steps of the inquiry but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

At step one, the ALJ found that claimant had not engaged in substantial gainful activity since August 3, 2016, the alleged onset date. AR 12. At step two, the ALJ found that claimant had the severe impairments of ulcerative colitis and neuropathy; he found claimant's hepatitis and hernia to be non-severe. *Id.* At step three, the ALJ found that claimant did not have an impairment or combination of impairments that met or medically equaled the severity of any of

the impairments listed in the regulations. *Id.* Before proceeding to step four, the ALJ found that claimant's residual functional capacity ("RFC") enabled her to perform light work with some limitations. AR 12-13. Specifically, claimant was limited to positions involving no overhead reaching; occasional stooping, kneeling, crouching, and climbing stairs; and no hazards such as unprotected heights or dangerous moving machinery. *Id.* At step four, the ALJ found that claimant could perform past relevant work as a cashier. AR 15. At step five, the ALJ found that, in the alternative, considering claimant's age, education, work experience, and RFC, there are jobs existing in significant numbers in the national economy that she can perform. AR 16-17.

The ALJ did not discuss claimant's anxiety or depression at step two. AR 12. In his supporting analysis for the RFC, the ALJ noted that claimant "takes medication for anxiety and depression," citing generally to "Testimony & Disability Reports." AR 13. The ALJ made no other mention of claimant's anxiety or depression.

## ANALYSIS

Claimant argues that the ALJ erred when he failed to evaluate her depression and anxiety at step two. Step two, as noted above, is a threshold step in which the ALJ determines whether an impairment is "severe." When evaluating a *mental* impairment at step 2, the regulations provide that the ALJ "must follow a special technique" under 20 C.F.R. § 416.920a.[3] In applying this technique, the ALJ "must first evaluate [claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [claimant has] medically determinable mental impairment(s)," and, if impairments are found, identify the documentation supporting that finding. 20 C.F.R. § 416.920a(b). The ALJ "must then rate the degree of functional limitation resulting from the impairment(s)." *Id.* Rating the degree of functional limitations "is a complex and highly individualized process" that involves separately evaluating four broad functional areas using a five-point scale. § 416.920a(c). The resulting rating is used both at step two, to determine if

---

[3] The use of the special psychiatric review technique helps the Social Security Administration "(1) Identify the need for additional evidence to determine impairment severity; (2) Consider and evaluate functional consequences of the mental disorder(s) relevant to your ability to work; and (3) Organize and present our findings in a clear, concise, and consistent manner." 20 C.F.R. § 416.920a(a).

claimant's impairment is severe, and at step three, to determine if a severe impairment meets or equals a listing. § 416.920a(d).

Here, it is undisputed that the ALJ neither applied the "special review technique" nor otherwise addressed claimant's alleged mental impairments at step two. The issue is whether this was error and, if it was, whether that error was harmless.

The relevant regulation, § 416.920a, states that the special review technique that it establishes is to be applied, for adults, "when we evaluate the severity of mental impairments." § 416.920a. The Court of Appeals has elaborated, holding that the technique must be applied when a claimant has "presented a colorable claim of mental impairment." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725-26 (9th Cir. 2011).[4] A colorable claim has been described as one that is not "wholly insubstantial, immaterial, or frivolous." *Behn v. Barnhart*, 463 F. Supp. 2d 1043, 1047 (C.D. Cal. 2006) (using the colorable claim standard to evaluate whether the ALJ should undergo the special technique in § 416.920a).

Here, claimant has been diagnosed with anxiety and depression. The record reflects a significant history of these ailments, which were treated with anti-depressant medication. *See* AR 296-98, 330-32, 344-45, 350-54, 365-68, 377-81, 432-35. At one medical appointment, claimant's physician assistant observed that claimant was "anxious," complained of "severe anxiety" and depression, and exhibited extensive weight loss resulting from an eating disorder that appears to have been associated with psychiatric issues. AR 377-81. Claimant was referred to mental health specialists on multiple occasions, though she did not act on these referrals. AR 381, 367, 354. Claimant also provided testimony about her mental impairments and potentially-associated limitations.

In considering whether claimant's allegations make out a colorable claim of mental impairment, triggering the application of the § 416.920a procedure or otherwise warranting consideration at step 2, it is relevant that step 2 "is a de minimis screening device [used] to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (internal

---

[4] In *Keyser*, a different regulation, 20 C.F.R. § 404.1520a, was applicable. However, it closely resembles the regulation applicable here, 20 C.F.R. § 416.920a.

quotation marks omitted). Generally speaking, "[a]n impairment or combination of impairments may be found not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Id.* at 686 (emphasis in *Webb*, internal quotation marks omitted). Neither the regulations nor Ninth Circuit authority suggest that a different standard should apply in the context of a mental impairment, or that the specific factual showing in *Keyser*, 648 F.3d at 723-24, should be viewed as a floor below which claims should not be considered colorable.

Here, claimant has alleged a mental impairment with sufficient specificity to constitute a colorable claim, warranting consideration at step 2 and application of the special technique laid out in § 416.920a. Claimant's complaints of anxiety and depression cannot be said to be wholly insubstantial, immaterial, or frivolous.

Defendant urges the court to conclude that the ALJ's error at step two was harmless. This argument, however, is foreclosed by *Keyser*, which states that "[a]n ALJ's failure to comply with [the relevant regulation providing a special review technic for mental impairments] is not harmless if the claimant has a 'colorable claim of mental impairment.'"[5] *Keyser*, 648 F.3d at 726.[6]

I thus conclude that the ALJ erred in failing to follow the special psychiatric review technique established in § 416.920a, and that error was not harmless.

## CONCLUSION

I need not reach the other arguments raised.[7] For the reasons stated in this order, I remand

---

[5] The court in *Keyser* evaluated the ALJ's application of the special psychiatric technique at step two of the sequential evaluation process under 20 C.F.R. § 404.1520a because the plaintiff in that case had filed an application for benefits under Title II of the Social Security Act. *Keyser*, 648 F.3d at 723. Section 416.920a is the parallel provision applicable to SSI benefits.

[6] It is also notable that the ALJ neither incorporated an analysis of claimant's mental impairments into later steps of the disability-evaluation process nor addressed claimant's mental impairments when he defined claimant's RFC. *Cf. Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding step 2 error regarding bursitis harmless where "[t]he ALJ extensively discussed Lewis's bursitis at Step 4 of the analysis").

[7] Claimant also argues that the ALJ fell short of a duty to develop the record regarding her mental impairments, but since the ALJ will have to evaluate whether additional evidence is needed as part of the review technique as stated above, I need not analyze that issue here. *See* 20 C.F.R. § 416.920a(a)(1).

this case for further consideration by Social Security Administration.  The clerk of court is directed (1) to enter judgment in favor of claimant Jerianne R. Voorhees and against defendant Commissioner of Social Security, and (2) to close this case.

IT IS SO ORDERED.

Dated:   September 30, 2021                         _____
                                                               JEREMY D. PETERSON
                                                                UNITED STATES MAGISTRATE JUDGE